The opinion of the court was delivered by
McEnbrv, J.
This is an application for a writ of certiorari to inquire into the validity of certain proceedings by rule before the *1192 judge of Division B, Civil District Court, parish of Orleans, in the matter of the succession of John and Lydia Henry.
The testamentary executor filed a final account, and there was judgment allowing the minor children $1000 on demand of tutor. There were two minor children, Emile and Lucy. Manuel Martinez was appointed their dative tutor.
On the 3d January, 1890, Lucy Henry, having attained her majority, took a rule on the executor and tutor to show cause why they should not pay her the sum of $500.
To this rule exceptions were filed by the executor and tutor, that the plaintiff could not proceed by rule in the premises, there being no liquidated claim in favor of Lucy Henry, and no account r endered or sought from said tutor.
These exceptions were overruled and the rule made absolute.
The defendants in rule applied for a new trial, which was refused, whereupon an order of appeal to the Court of Appeals was asked for and granted. The appeal is pending and undetermined.
It appears from the record that the claim of Lucy Henry had been previously liquidated by a judgment, and the proceedings complained of wére only in aid of the execution of this judgment.
The court had jurisdiction over the main action, and was competent to entertain against.relators the summary proceeding in aid of the execution of the judgment in- favor of the minor.
The District Judge had jurisdiction over the whole matter, and was vested with legal discretion to determine the merits of the rule against relator.
Our investigation is restricted to the regularity and validity of the proceedings as they appear on the face of the papers.
The proceedings assailed were conducted apparently in proper form before a competent court.
We are not permitted to go behind the proceedings and pass upon the intrinsic merits of the action complained of, but are confined to the extrinsic validity of the proceedings, thus avoiding the usurpation of an appellate jurisdiction not conferred by the Constitution.
From the answer of the respondent judge it appears that the relator had applied for and perfected an appeal to the Court of Appeals of the parish of Orleans, where he alleges said appeal is pending and undetermined.
He has therefore no longer jurisdiction of the ease, and even were *1193 ■it permissible under the statement of facts presented to issue the writ prayed for, it could have no effect to correct the errors complained •of, as the matter is not now within the jurisdiction of said Civil District Court.
It is therefore ordered that the rule granted herein be discharged and the relief prayed for by relator be denied.